

Philip M. Smith
psmith@kravitsmithllp.com

September 6, 2017

**VIA ECF**
Hon. Nelson S. Roman
United States District Judge
United State Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re: *Bais Yaakov of Spring Valley v. Textbook Warehouse, LLC*, **7:17-cv-03974-NSR (S.D.N.Y.)**

Dear Judge Roman:

    This firm represents defendant Textbook Warehouse, LLC ("Textbook Warehouse"). Your Honor has scheduled an initial court conference on September 15, 2017 at 11:45 a.m. I write to request that the initial court conference also constitute a pre-motion conference pursuant to Rule 3(A)(ii) of Your Honor's Individual Practices to consider Textbook Warehouse's request herein to file an early motion for summary judgment. Textbook Warehouse can demonstrate with limited, undisputable evidence that plaintiff Bais Yaakov of Spring Valley ("BYSV") has no actionable claims.

    BYSV is a parochial school in Monsey, New York and purports to sue on behalf of itself and members of a putative class. Textbook Warehouse is a seller of new and used books to individual schools and school districts around the country. BYSV claims that Textbook Warehouse faxed 33 unsolicited advertisements to BYSV during the period June 4, 2013 through September 16, 2014. BYSV alleges that those faxes violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa both because the faxes were allegedly unsolicited and because the faxes contained allegedly non-compliant opt-out notices. For the following reasons, Textbook Warehouse can demonstrate with undisputable evidence that BYSV has no viable claim under the TCPA and GBL.

    Section 227(b)(1)(C) of the TCPA makes it unlawful to fax unsolicited advertisements *unless*:

- (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;

>   (ii)   the sender obtained the number of the telephone facsimile machine through--
>       (I)   the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement[.]

Similarly, 47 C.F.R. § 64.1200(a)(4), promulgated by the FCC under the TCPA, exempts the sender of a fax from liability if "[t]he sender obtained the number of the telephone facsimile machine through…[t]he voluntary communication of such number by the recipient directly to the sender, within the context of such established business relationship." Further, 47 C.F.R. § 64.1200(f)(6) provides that:

> The term *established business relationship* for purposes of paragraph (a)(4) of this section on the sending of facsimile advertisements means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

Tracking the Federal law, N.Y. GBL § 396-aa(1) similarly exempts from liability faxes sent to persons with whom the sender has had a prior contractual or business relationship:

> It shall be unlawful for a person, corporation, partnership or association to initiate the unsolicited transmission of telefacsimile messages promoting goods or services for purchase by the recipient of such messages. For purposes of this section, "telefacsimile" shall mean every process in which electronic signals are transmitted by telephone lines for conversion into written text. This section shall not apply to telefacsimile messages sent to a recipient with whom the initiator has had a prior contractual or business relationship.

Apparently unbeknown to BYSV's counsel at the time the Complaint was filed, BYSV has been a long-standing customer of Textbook Warehouse.  Moreover, in connection with the parties' business relationship, BYSV has on at least one occasion as far back as 2006 voluntarily transmitted a fax to Textbook Warehouse from BYSV's fax machine with the number 845-356-3132 (*i.e.*, the fax machine identified in Paragraph 8 of BYSV's Complaint).[1]  The TCPA exclusion from the scope of prohibited faxes of faxes sent after a "voluntary communication of such number by the recipient directly to the sender, within the context of such established business relationship" clearly applies here where BYSV itself sent a fax to Textbook Warehouse early on in their long-standing business relationship.

---

[1] BYSV's counsel admitted to me during a telephone conversation on July 27, 2017 that he was unaware of his client's established business relationship with Textbook Warehouse.

We wrote to BYSV's counsel on August 2, 2017 and provided both the telephone records supporting the foregoing facts and evidence of the book orders by BYSV. In that letter, we asked BYSV's counsel to provide us with any legal authority suggesting that the provisions in 47 C.F.R. § 64.1200(a)(4) do not allow a fax to be sent to a customer who itself sends a fax to the vendor, or a cogent legal argument as to why the words in 47 C.F.R. § 64.1200(a)(4)(ii)(A) mean something other than the plain meaning of those words. We have received no response to that letter.

With respect to BYSV's claim that Textbook Warehouse's faxes contain allegedly non-compliant opt-out notices, we note that Textbook Warehouse's faxes do indeed contain adequate opt-out notices with a toll free option to opt-out that BYSV has ignored. (Compl., Ex. A.)

Moreover, the D.C. Court of Appeals recently ruled against BYSV and held that the FCC's so-called Solicited Fax Rule is unlawful to the extent it required faxes sent with the consent of the recipient (as they were here) to contain opt-out notices. *Bais Yaakov of Spring Valley v. Federal Communications Commission*, 852 F.3d 1078 (D.C. Cir. 2017). BYSV's petition for a rehearing *en banc* in that case was denied on June 6, 2017 and its motion to stay the D.C. Circuit's mandate was denied June 28, 2017.

As such, the faxes that Textbook Warehouse sent to a fax number provided by BYSV did not have to contain opt-out notices at all and BYSV has no claim under the abrogated Solicited Fax Rule. *See Sandusky Wellness Center, LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 467-68 (6th Cir. 2017)(district courts cannot enforce the struck down Solicited Fax Rule). BYSV is also precluded from relitigating the viability of the Solicited Fax Rule by the doctrine of non-mutual defensive collateral estoppel. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)(the doctrine of non-mutual defensive collateral estoppel "precludes a plaintiff from relitigating identical issues by merely switching adversaries.")

Textbook Warehouse's complete defense to BYSV's claims can be established now with the foregoing undisputable documentary evidence. As such, Textbook Warehouse respectfully requests permission to make a motion for summary judgment immediately and for the Court to stay discovery until such motion is decided.

Respectfully submitted,

Philip M. Smith