

Philip M. Smith<br>psmith@kravitsmithllp.com

October 19, 2017

**VIA ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
United State Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    *Bais Yaakov of Spring Valley v. Textbook Warehouse, LLC*, **7:17-cv-03974-NSR-JCM (S.D.N.Y.)**

Dear Judge McCarthy:

      This firm represents defendant Textbook Warehouse, LLC ("Textbook Warehouse"). We write pursuant to Local Civil Rule 37.2 and Rule 2(A) of Your Honor's Individual Practices to request a pre-motion conference to consider Textbook Warehouse's request herein pursuant to Fed. R. Civ. P. 26(c) to stay discovery. The ground for a stay of discovery is Textbook Warehouse's recently served motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this action for lack of subject matter jurisdiction based on the lack of Article III standing of plaintiff Bais Yaakov of Spring Valley (("BYSV").

      By way of background, the parties appeared at an initial conference and pre-motion conference before Judge Roman on September 15, 2017. At that conference, Textbook Warehouse requested permission to file the motion to dismiss for lack of subject matter jurisdiction. Judge Ramon granted that request and directed the full motion to be served by October 16, 2017. Textbook Warehouse also requested that Judge Ramon stay discovery pending a decision on that motion and Judge Roman directed that the motion to stay be directed to Your Honor. As set forth below, a motion to stay discovery is largely dependent on the strength of the motion to dismiss, so we can now present that motion to Your Honor for consideration in connection with this request to stay. Judge Roman also directed the parties not to file the motion papers until the motion is fully briefed. As a consequence, copies of Textbook Warehouse's motion to dismiss and supporting papers have been sent to Your Honor today by Federal Express.

      Under Fed. R. Civ. P. 26(c), the Court has discretion to stay discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y.2002). A request

Kravit Smith LLP<br>79 Madison Avenue, 2nd Floor, New York, New York 10016<br>(646) 493-8004

Hon. Judith C. McCarthy
October 19, 2017



for such a stay requires a showing that the motion to dismiss be supported by "substantial arguments for dismissal." *Id.*; *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). A stay pending a motion to dismiss on jurisdictional grounds is especially appropriate because subject matter jurisdiction is a "threshold matter" that courts must resolve before proceeding on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "The requirement that jurisdiction be established as a threshold matter… is 'inflexible and without exception.'" *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)(quoting *Steel Co.*, 523 U.S. at 94-95).

Here, Textbook Warehouse has made more than substantial arguments for dismissal for lack of subject matter jurisdiction based on BYSV's lack of Article III standing. Obviously, the Court will want to review the actual motion papers (sent to Your Honor today by courier) to come to its own preliminary conclusion as to the strength of the motion. In short, the pending motion to dismiss boils down to the complete absence of a concrete injury to BYSV, which injury is a fundamental requirement for Article III standing and federal subject matter jurisdiction. BYSV alleges, on behalf of itself and a putative nationwide class, that Textbook Warehouse violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when it sent BYSV thirty-three unsolicited fax advertisements that contained a defective opt-out notice. In fact, Textbook Warehouse had an existing business relationship with BYSV and BYSV voluntarily provided its fax number to Textbook Warehouse in the context of that long-standing relationship. As a consequence, Textbook Warehouse was entitled to send faxes to BYSV until BYSV opted-out of receiving further faxes. Textbook Warehouse provided an opt-out notice on each fax that contained toll-free numbers for BYSV to either call in or fax its opt-out request. BYSV knowingly chose not to opt-out. BYSV's only complaint is that Textbook Warehouse's opt-out notice is missing minor disclosures concerning BYSV's and Textbook Warehouse's obligations should BYSV choose to opt-out. But there is no conceivable way that BYSV was harmed by two minor disclosure violations that were irrelevant to BYSV. Not only were they irrelevant because BYSV chose not to opt-out, BYSV also had full knowledge of the parties' rights and obligations if BYSV did opt-out because BYSV had commenced five similar actions against other defendants before it received the first fax from Textbook Warehouse about which BYSV complains. Thus, it is inconceivable how BYSV could be harmed by the absence of minor disclosures concerning obligations of which BYSV was fully aware. The caselaw from the Supreme Court, the Second Circuit and courts in this district addressing analogous facts have all concluded that the failure to establish concrete harm from similar disclosure violations — "a bare procedural violation, divorced from any concrete harm" — dooms federal subject matter jurisdiction for lack of Article III standing.

In addition to Textbook Warehouse's "substantial arguments for dismissal," a stay is warranted by the substantial burden on Textbook Warehouse in responding to BYSV's voluminous and wide-ranging discovery requests, as well as the complete absence of prejudice to BYSV from a short stay. BYSV has served 36 document requests, 51 requests for admission; and 11 witness interrogatories. BYSV requests, for a period of four years, (a) every single document concerning every single fax sent to *anyone* by Textbook Warehouse and all documents concerning every single recipient of the faxes (thousands of existing or potential customers), including copies of the faxes, all documents concerning the design and content of

Hon. Judith C. McCarthy
October 19, 2017



every fax, the names and addresses of any witnesses to such faxes, fax logs, transmission summaries, fax confirmation sheets, invoices, billing statements, and telephone bills; (b) all documents concerning every single one of Textbook Warehouse's thousands of customers around the country to whom Textbook Warehouse has sent faxes, including but not limited to all documents evidencing the business relationship with those customers including all orders, invoices and checks, and all documents relating to any permissions from such customers to receive faxes (which would entail reviewing all communications with all customers over a four year period); (c) all documents concerning how Textbook Warehouse obtained each and every fax number it used, which would entail review of every single document relating to every interaction with a customer or potential customer, all sales efforts, and every attendance at hundreds of book fairs and meetings with school districts, schools and other educators; and (d) all documents containing any reference to the legal requirements for fax transmissions.[1] Suffice it to say that responding to such broad discovery would require Textbook Warehouse personnel to expend several hundred, if not thousands, of hours of time which would threaten to fatally disrupt the conduct of its small business, not to mention the cost of attorney review and processing and vendor costs. Outside of warehouse workers, Textbook Warehouse has less than 30 full-time employees and two owners.

      The extreme burden and expense to Textbook Warehouse from proceeding with discovery should be weighed against the non-existent harm to BYSV from its receipt of faxes (that Textbook Warehouse was entitled to send) which failed to disclose irrelevant and minor details concerning the parties' rights and obligations in the event BYSV chose to opt-out of receiving further faxes (which never happened). More importantly the demonstrable prejudice to Textbook Warehouse should be weighed against the complete lack of prejudice to BYSV of a short stay of discovery. *See Boelter v. Hearst Communications, Inc.*, No. 15-cv-3934(AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (citing *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. at 368. Finally, BYSV waited to the very end of the statute of limitations (and beyond) to file a complaint relating to faxes it received in 2013 and 2014. As such, BYSV cannot claim any prejudice from waiting for, at most, a few months for a ruling on Textbook Warehouse's dispositive motion before commencing discovery.

      For all of the foregoing reasons, a temporary stay of discovery is appropriate given the strength of Textbook Warehouse's motion to dismiss, the substantial burden on Textbook Warehouse from proceeding with extensive discovery, and the complete absence of prejudice to BYSV from a short stay.

      Respectfully submitted,

Philip M. Smith

---

[1] Textbook Warehouse does not, of course, waive any right to assert an appropriate objection to any of BYSV's discovery requests should discovery proceed.